IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr105

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>DARRYL EUGENE MILLS (1) )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 74), and the government's response (Doc. No. 79).

The defendant pled guilty to conspiring to possess at least 5 but fewer than 50 grams of cocaine base with intent to distribute (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Eight). (Doc. No. 48: Judgment at 1; Doc. No. 24: Plea Agreement at 1-2). The resulting offense level of 30 was reduced by 3 for accepting responsibility. (Presentence Report (PSR) at ¶¶ 20, 27). Combined with a criminal history category of VI, the resulting advisory guideline range was 130-162 months, plus 60 months for the firearms charge. (Doc. No. 49: SOR at 1). The Court sentenced the defendant to 130 months' imprisonment on Count One plus 60 months on Count Eight, the low end of the range. (Doc. No. 48: Judgment at 2).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 74). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time

of sentencing. The amended offense level for possessing at least 35 but fewer than 50 grams of cocaine base is 28. USSG Supp. to Appx. C., Amend. 706 (2007). The subtraction of 3 levels for acceptance of responsibility, results in a total offense level of 25 for Count One. The amended guideline range, given a criminal history category of VI, is 120-137 months.[1] The defendant and the government recommend imposing a 120-month sentence on Count One, the low end of the amended range. (Doc. No. 74: Motion at 5; Doc. No. 79: Response at ¶ 9).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence on Count One is reduced to 120 months' imprisonment.

**IT IS FURTHER ORDERED** that, that upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer. All other terms and conditions previously imposed remain unchanged.

---

[1] The defendant is subject to a ten-year mandatory minimum sentence for the cocaine base offense. 21 U.S.C. §§ 841(b)(1)(B) and 851.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge